UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA GONZALEZ, *on behalf of herself and all other similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMIX LLC,<br><br>Defendant. | Case No. 1:21-cv-01271-AWI-HBK<br><br>**FIRST CASE MANAGEMENT AND SCHEDULING ORDER**<br><br>**CLASS CERTIFICATION MOTION DEADLINE: 02/17/2023** |

The Court telephonically conducted a case management and scheduling conference on April 21, 2022. The following counsel appeared on behalf of the respective parties: Lawrence Fisher on behalf of Plaintiff and Ricky Shackelford on behalf of Defendant. The Court reviewed the parties' Joint Scheduling Report (Doc. No. 12) and heard argument from counsel concerning whether to bifurcate discovery into two phases: (1) pre-certification class discovery and (2) merits discovery. Having considered the parties' proposed deadlines and arguments, the Court enters this Case Management and Scheduling Order for this action under Fed. R. Civ. P. 16(b). If additional parties are joined, the Court permits the parties to adjust these deadlines once by stipulation without Court approval. The parties must file a Joint Stipulation with the revised stipulated dates.

1. **Deadlines and Dates**

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | COMPLETE |
| Deadline for moving to amend the pleadings. *See* Fed. R. Civ. P. 15(a). | 06/01/2022 |
| Status Conference t*elephonic before M.J. Helena Barch-Kuchta **at 1:00 p.m** | 10/06/2022 |
| Class Certification Motion Filing Deadline | 02/17/2023 |
| Class Certification Opposition: the parties may stipulate to a different date | 04/17/2023 |
| Class Certification Reply: the parties may stipulate to differ date | 05/22/2023 |
| Class Certification Hearing – *Before U.S. District Judge Anthony W. Ishii **at 1:30 p.m.*** | 07/17/2023 |

A second scheduling order will issue following resolution of the class certification issue.

2. **Consent to the Magistrate Judge Jurisdiction**

    The parties have not consented to conduct all further proceedings in this case, including trial, before a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

3. **Discovery**

    The parties do wish to bifurcate discovery but will self-govern the breadth of the discovery process prior to the Court's ruling on the motion for class certification.  The protocols set forth *infra* will govern any disputes with discovery.

4. **Motions Schedule**

    a.    General Information Regarding Filing Motions, Deadlines and Hearings

    Unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Barch-Kuchta shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits or declarations.  Briefs exceeding this page limitation without leave of Court may be stricken or not considered.

Counsel may choose to appear telephonically to argue non-dispositive motions before Magistrate Judge Barch-Kuchta, provided they indicate their intent to appear telephonically on their pleadings at least one week before the hearing. The Court's teleconference line is 1-888-204-5984; Access Code 4446176.

The deadlines for filing a response and a reply to a motion are dictated by Local Rule 230(b). Generally, the Court rules on motions based on a review of the papers without oral argument under Local Rule 230(g). If the Court determines a hearing is necessary following review of the record and briefs on file, the Court will set a hearing.

    b.    <u>Informal Discovery Conference Prior to Filing Motion to Compel</u>

Prior to filing a discovery motion under Fed. R. Civ. P. 37, a party must receive permission from the Court, which the Court will grant following an informal discovery conference. An informal discovery conference is separate and apart from the Mid-Discovery Conference set forth above.

Please refer to Judge Barch-Kuchta's "Case Management Procedures" included under the "Civil Procedures" tab on this Court's webpage.[1] A party requesting an informal discovery conference should contact Chambers for available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking in a person, over the telephone, or via video conference in attempt to resolve the dispute.

At least 24-hours before the conference, each party shall simultaneously submit a letter brief, outlining their position regarding the dispute. The letter briefs shall be no longer than three (3) pages in length with no more than five (5) pages of exhibits. Letter briefs should not be filed but shall be emailed to Chambers at hbkorders@edca.uscourts.gov.

    c.    <u>Motions to Compel</u>

Following the informal discovery conference set forth above, the parties must conduct at least one additional **telephonic or video** call as part of their obligations to meet and confer in

---

[1] Available at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/502311/.

good faith to resolve their discovery dispute prior to seeking judicial intervention.  If a party files a motion to compel under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement Regarding Discovery Disagreement in compliance with Local Rule 251.  Failure to comply with Local Rule 251 will result in the Court denying the motion without prejudice and dropping the motion from calendar.  In addition to filing a Joint Statement electronically, a copy of the Joint Statement, in Word format, shall also be sent to Chambers by email to hbkorders@caed.uscourts.gov.

**5. Effect of This Order**

This CMSO represents the best estimate of the Court and parties as to the schedule most suitable for this case.  If the parties determine at any time that the dates outlined in this Order cannot be met, the parties must notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this Order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation, **except for the one-time stipulation described earlier in this Order**.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.  The failure to comply with this Order may result in the imposition of sanctions.

Dated:   April 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE